CRYSTAL SPRINGS TROUT COMPANY, A MONTANA COR-
PORATION; THOMAS NYQUIST AND VIRGINIA NYQUIST, HUSBAND
AND WIFE; KENNETH NYQUIST AND KATHLEEN NYQUIST, HUSBAND
AND WIFE; RONALD PRESTON; ROBERT MOORE AND PEGGY
MOORE, HUSBAND AND WIFE; AND EARL BRADFORD AND ALICE
BRADFORD, HUSBAND AND WIFE, PLAINTIFFS & RESPONDENTS, *v.*
FIRST STATE BANK OF FROID, A BANKING CORPORATION;
AND JERRY B. WALLANDER, DEFENDANTS & APPELLANTS.

No. 85-342.
Decided March 12, 1987.
736 P.2d 95.

MR. JUSTICE SHEEHY delivered the Opinion of the Court.

OPINION AND ORDER ON PETITION FOR REHEARING

Defendants-appellants have moved for rehearing of this cause on two grounds, 1) that this Court made a factual error in its majority opinion when it stated that the District Court awarded prejudgment interest from January 28, 1985 instead of *through* January 28, 1985, and 2) that this Court overlooked the serious proximate cause questions relating to the District Court's damages award.

The first contention of the defendants-appellants is correct. Our majority opinion does misstate the facts respecting prejudgment interest awarded by the District Court, since the award did include interest preceding January 28, 1985, the date the District Court entered findings of fact and conclusions of law.

Plaintiffs-respondents concede the error, but contend that since the District Court based its award of damages on the investments of the plaintiff stockholders, pre-judgment interest is proper because the investments are capable of immediate determination, and are clear and readily ascertainable.

However, the right to recover pre-judgment interest is founded on two indispensable grounds 1) the damages are certain or capable of being made certain by calculation, and 2) the right to recover the same must vest on a particular day. Section 27-1-211, MCA. Here the second ground is missing. The District Court, as the majority opinion points out, used the investments of the stockholders not as a matter of return of investments but as a measuring yardstick for damages in the absence of a clear measure otherwise, where it was certain that the plaintiffs-respondents were entitled to damages calculated "in a reasonable way." Since the District Court used that yardstick, the amounts of damages did not vest until they were determined by the District Court in its findings and conclusions, January 28, 1985. Therefore, interest should accrue only from the date the decision of the District Court was rendered, January 28, 1985. Section 25-9-204, MCA.

The second reason advanced by defendants-appellants for rehearing, that is, that proximate cause was not shown for the damages awarded, is part and parcel of the same argument. The District

Court used the investments as a measuring stick for damages, as the only reliable and certain figures in the case. There simply is no doubt that the actions of the defendants caused the plaintiffs damages, and that the damages were proximately caused by the defendants. The manner of calculating those damages we found to be reasonable in the circumstances. This was not a case for nominal damages, because appreciable detriment to the plaintiffs occurred. See Section 27-1-204, MCA. As long as the damages awarded are reasonable, Section 27-1-302, MCA, and they compensate plaintiffs for all the detriment proximately caused by defendants' breach, Section 27-1-317, MCA, they should be sustained.

Accordingly, we reverse that portion of the District Court judgment which awards pre-judgment interest prior to January 28, 1985 to the plaintiffs. Interest shall accrue from and after that date. The remainder of the District Court judgment, as in our Opinion, is affirmed. The same judgment, as here modified, shall apply to Jerry B. Wallander. The motion for rehearing is otherwise denied.

DATED this 12th day of March, 1987.

> s/John C. Sheehy, Justice
> s/J.A. Turnage, Chief Justice
> s/John Conway Harrison, Justice
> s/Fred J. Weber, Justice
> s/L.C. Gulbrandson, Justice
> s/Frank B. Morrison, Justice
> s/William E. Hunt, Justice